UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE D. COLE,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF LOS ANGELES, MARCELLA WINN; PETE RAZANSKAS; and DOES 1-45, inclusive,<br><br>*Defendants.* | CASE NO.: CV11-03241 CBM (AJWx)<br>*Hon. Consuelo B. Marshall, Ctrm. 2*<br>*Mag. Andrew J. Wistrich, Ctrm. 690, Roybal*<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>**(LAPD MURDER BOOK)** |

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

///

///

1

1. Defendant may designate as confidential the related LAPD Murder Book (identified above), by affixing to said Murder Book, writing or other tangible item, a legend, label or other marking such as "Confidential." Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order. The Murder Book will be produced following the issuance of a Protective Order by this Court.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

   (a) Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

   (b) Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____/s/_____"

1  5. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendant City of Los Angeles through the City Attorney's Office. If this case, or any portion thereof, is remanded to the Los Angeles County Superior Court, all Confidential Information and all copies thereof shall immediately be returned to counsel for the City of Los Angeles.

6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal following the parties' compliance with Local Rules 79-5, et seq. If a document or pleading submitted to the Court, as described in this paragraph, makes only a general reference to any document or information contained therein covered by this protective order, but does not quote or described its contents in any specific way, and does not include the protected document itself, then the party or parties need not file it under seal.

/ / /

8. The parties agree that the spirit of confidentiality as protected in this order

1 will apply to all proceedings. To that end, before any protected document or any
2 information derived therefrom is to be put forward, admitted into evidence, discussed in
3 detail or otherwise publicized in Court, the party raising the protected document will
4 inform the other parties and allow for a motion to the Court to close the proceedings to the
5 public.

6      9.    Nothing herein shall prejudice any party's rights to object to the introduction
7 of any Confidential Information into evidence, on grounds including but not limited to
8 relevance and privilege.

9      10.    During the course of depositions, when counsel makes an objection to a
10 question concerning a protected document or information contained therein, which is the
11 subject of this Stipulation and protective order, or concerning a general area that counsel
12 believes should be covered by the scope of this Stipulation and protective order, those
13 witnesses (as identified in Paragraph 3(a) herein) may answer the question, without
14 waiving the objections, and the questions and answers to those questions will be sealed
15 and covered by the terms of this protective order. Counsel and the parties reserve the right
16 to object to the disclosure of confidential or private information which is not the subject
17 of this Stipulation and protective order. Any documents deemed confidential pursuant to
18 this protective order will be sealed, if they are used as exhibits in any deposition. This
19 agreement does not waive any objections counsel may make, including objections
20 unrelated to the reasons for this protective order.

21      11.    This Protective Order survives settlement, trial and/or appeal.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

1   12. This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document. Defendants will lodge this executed Stipulation with the Court for approval.

***IT IS SO ORDERED.***

Dated: November 17, 2011     By: /s/ _____
                                   HONORABLE ANDREW J. WISTRICH
                                   UNITED STATES MAGISTRATE JUDGE