1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  REGGIE D. COLE | CASE NO. CV 11-3241 (AJWx) |
| 10         Plaintiff, | and |
| 11      v. | CASE NO. CV 12-01332 CBM (AJWx) |
| 12  CITY OF LOS ANGELES, ET AL, | |
| 13         Defendants. | **PROTECTIVE ORDER FOR DISTRICT ATTORNEY FILES** |
| 14  OBIE STEVEN ANTHONY, III | |
| 15         Plaintiff | |
| 16      v. | |
| 17  CITY OF LOS ANGELES, ET AL., | |
| 18         Defendants. | |
| 19 | |

20
21
22
23
24
25
26
27
28

Based upon the Stipulation of the Parties and, GOOD CAUSE APPEARING, IT IS ORDERED THAT,

1.      The PROTECTED DOCUMENTS shall be used solely in connection with the preparation and trial of this action, CASE NO. CV 11-3241 (AJWx), and CASE NO. CV 12-01332 CBM (AJWx) or any related appellate proceeding, and not for any other purpose, including any other litigation.  This paragraph shall not preclude the Plaintiffs' or Defendants' attorneys of record in this case from indicating, in connection with discovery or a discovery motion in another action, an

HOA.941731.1

1  -awareness of responsive documents.  In indicating such awareness in any other
2  action, the Plaintiff's and Defendants' attorney of record shall not disclose the
3  substance of the Confidential Information.

4      2.    The PROTECTED DOCUMENTS shall be treated as confidential by
5  Plaintiffs and Defendants and their respective  counsel and shall not be further
6  disclosed, disseminated or otherwise distributed except as provided in this
7  Protective Order.  However, Plaintiff need not treat as confidential any
8  PROTECTED DOCUMENTS that 1. Plaintiff has also received through sources
9  other than the DA; 2. any documents previously produced by DA in any other
10 hearing, trial, habeas or Cole hearing; or 3.  any information in the public domain at
11 the time of disclosure.

12     3.    The PROTECTED DOCUMENTS, or any portion thereof, may not be
13 disclosed, distributed or disseminated except as provided in subparagraph (d) below.

14     4.    The PROTECTED DOCUMENTS, or any portion thereof, may only be
15 disclosed to the following persons:

16     (a)    Counsel for Parties and Plaintiffs, except that Plaintiffs shall not be
17 permitted to view any portion of a PROTECTED DOCUMENT that contains
18 personal contact information for any deputy involved in her arrest and detention, nor
19 shall such contact information be disclosed to Plaintiffs;

20     (b)    All members of the Parties' legal teams, including, but not limited to,
21 paralegal, investigative, support, stenographic, clerical and secretarial and related
22 personnel regularly employed by counsel referred to in subparagraph (1) above.

23     (c)    The Court and Court personnel, including stenographic reporters
24 engaged in such proceedings as are necessarily incidental to preparation for the trial
25 of this action; and

26     (d)    Expert witnesses retained by Plaintiff's or Defendants' counsel solely
27 for the purpose of this litigation.

28     (e)    Jury consultants or trial consultants retained by Plaintiff's counsel.

5.      Furthermore, each person (except Court personnel) to whom disclosure of The PROTECTED DOCUMENTS, or any portion thereof, is made, with the exception of those identified in subparagraph d. above who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided a copy of this Protective Order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order, and that he/she agrees to be bound by the provisions of this Protective Order.  Such person (except Court personnel) also must consent in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceeding relating to enforcement of this Order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

6.      If the PROTECTED DOCUMENTS, or any portion thereof which were not part of a public filing, are to be filed with the Court by any of the parties to this STIPULATION, in any form, the party who wishes to do so shall prepare the Application required by Local Rule 79-5.1 beforehand. However, this paragraph does not apply to any PROTECTED DOCUMENTS that Plaintiff has also received through sources other than the DA; any documents previously produced by DA in any other hearing, trial, habeas or Cole hearing; or,  any information in the public domain at the time of disclosure.

7.      Nothing in paragraph 4 is intended to prevent officials or employees of the County of Los Angeles or other authorized governmental officials from having access to the PROTECTED DOCUMENTS if they would have had access in the normal course of their job duties.  Further, nothing in this Protective Order prevents subsequent attorneys representing Plaintiff or Defendants in a re-trial or other post-

1  trial proceedings from gaining access to the PROTECTED DOCUMENTS to the

2  extent they are otherwise available through ordinary discovery procedures or similar

3  means.  Finally, nothing in this Order precludes a witness from disclosing events or

4  activities personal to him or her; that is, a witness can disclose to others information

5  previously given to the County of Los Angeles with respect to what he or she saw,

6  heard or otherwise sensed.

7       8.     The foregoing is without prejudice to the right of the Plaintiffs,

8  Defendants and the DA:

9       a.     To apply to the Court for a further protective order relating to

10  confidential material or relating to discovery in this litigation; and

11       b.     To apply to the Court for an order compelling production of documents

12  or modification of this protective order or for any order permitting disclosure of

13  documents or the information contained therein the terms of this protective order.

14       c.     Plaintiffs and Defendants do not waive any right to assert, inter alia,

15  that the DA does not have a legitimate interest or need to limit access to documents

16  reflecting and/or related to its internal decision making process in Plaintiff's or

17  Defendants' case and do not waive their respective rights seeking discovery of these

18  documents.  Plaintiff and Defendants do not waive their rights to seek disclosure of

19  any and all documents in the possession of the DA relating to the District Attorney

20  files for the cases subpoenaed and identified above on any and all applicable

21  grounds, including but not limited to his rights and guarantees afforded to them by

22  law.

23       9.     Once the Protective Order issues, the following schedule will take

24  effect, subject to extraordinary circumstances or by mutual agreement of the

25  Plaintiff, Defendants and the DA:

26            a.     Within Fifteen (15) days of the notice to counsel for the DA, of

27  the Court's entry of the Protective Order, the DA will make available, for inspection

28  and/or photocopying, the non-privileged, non-confidential documents in its

1 possession, custody or control, which are responsive to the above-referenced

2 subpoenas duces tecum.

3              b.     The DA shall place a stamp on each PROTECTED

4 DOCUMENT marked "Confidential–Subject to Protective Order."  The marking

5 shall not, to the extent practicable, prevent or impede the reading of the text of the

6 PROTECTED DOCUMENT.  If through its inadvertence, surprise or neglect, the

7 DA does not label a PROTECTED DOCUMENT as indicated, the DA shall so

8 notify the Plaintiff and Plaintiff shall place the phrase "Confidential–subject to

9 Protective Order," on the PROTECTED DOCUMENT.

10              c.     Within Thirty (30) days after the date that an Order terminating

11 this litigation becomes no longer subject to judicial review, counsel for Plaintiff

12 shall promptly return to the DA all copies of the PROTECTED DOCUMENTS and

13 shall certify it has not retained any such documents, or portions thereof except as

14 required by the Court.

15       10.     This Protective Order, when entered into by the Court, shall be

16 retroactive to the date of the initial disclosure of documents made by the DA in this

17 matter.

18       11.     This Protective Order is entered into without prejudice to the right of

19 any party and/or the DA to file any motion for relief from the Court from any

20 restriction hereof or for any other or further restriction on the production, exchange,

21 or use of any documents, testimony, or other information produced, given, or

22 exchanged in the course of discovery in this action.  Further, by entering into this

23 Protective Order, neither Plaintiffs nor Defendants waive the right to file a Motion

24 in Limine regarding all or a portion of the PROTECTED DOCUMENTS.  This

25 Order may be modified, amended, or vacated by further Order of the Court.

26       12.     This Protective Order shall survive the final determination for this

27 / /

28 / /

1   action and shall remain in full force and effect after conclusion of all proceedings

2   herein, and the court shall have continuing jurisdiction to enforce its terms.

3

4   IT IS SO ORDERED.

5

6   DATED: January 28, 2013

7   _____

    HON. ANDREW J. WISTRICH
8   United States  Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28