1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGGIE D. COLE,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF LOS ANGELES, MARCELLA<br>WINN, PETER RAZANSKAS, and<br>DOES 1-45 inclusive,<br><br>          Defendants. | NO. CV 11-3241-CBM(AJWx)<br>NO. EDCV 12-1332-CBM(AJWx)<br><br>[Honorable Consuelo B. Marshall]<br><br>PROTECTIVE ORDER FOR CDCR<br>RECORDS |
| OBIE S. ANTHONY, III,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF LOS ANGELES, MARCELLA<br>WINN, PETER RAZANSKAS, and<br>DOES 1-10 INCLUSIVE,<br><br>          Defendants. | |

GOOD CAUSE HAVING BEEN SHOWN, based on the stipulation of the

parties, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the

1  Court hereby GRANTS the parties' stipulated request for a protective order, set
2  forth below.

3  <u>STATEMENT OF GOOD CAUSE</u>

4       WHEREAS, during the course of discovery, Defendants have issued
5  discovery requests seeking records maintained by the CDCR pertaining to the
6  incarceration of Plaintiffs Obie Anthony and Reggie Cole, including medical
7  records ("CDCR Records").

8       WHEREAS, in response to Defendants' discovery requests, CDCR Records
9  have been produced which contain personal and sensitive information regarding Mr.
10 Anthony and Mr. Cole that would have been kept confidential if it were not for this
11 litigation and which should not be in the public domain.

12      Accordingly, for these reasons of confidentiality, privacy, and privilege, the
13 parties shall comply with the following protective order:

14 <u>PROTECTIVE ORDER TERMS</u>

15      1.    The CDCR Records shall be treated as confidential by the parties and
16 their counsel, and the CDCR Records shall not be further disclosed, disseminated, or
17 otherwise distributed except as provided in this Protective Order.

18      2.    The CDCR Records shall be used solely in connection with the
19 preparation and trial of the above-captioned actions and any related appellate
20 proceedings. The CDCR Records shall not be used for any other purpose, including
21 any other litigation.

22      3.    Defendants and their attorneys of record shall not show or disclose any
23 of the CDCR Records or information derived from those records to anyone other
24 than the following individuals:

25          (i) Counsels of record, including attorneys, support staff, legal
26      assistants, paralegals, investigators and clerical staff who are engaged in
27      assisting in this action;

28          (ii) Parties and testifying witnesses;

(iii) Claims adjusters, risk managers and in-house counsel who are necessary to assist defense counsel in this action;

(iv) Any independent outside expert or consultant, and employees and assistants under the control of such expert or consultant, who are engaged by defense counsel to assist in this action;

(v) Any Court or shorthand reporter, or videographer, engaged by any party to record or to transcribe sworn testimony in this action; and

(vi) The Court, including judicial staff assigned to this action.

4.      Before showing or disclosing any CDCR Records or information derived from those records to any person permitted by this Protective Order to obtain such documents or information, counsel shall obtain the agreement of that person to be bound by the terms of this stipulation and order; to maintain the confidentiality of the CDCR Records or information protected by this stipulation and order; and to refrain from disclosing the CDCR Records or information derived from those records to any third person.

5.      Any pleadings, motions, briefs, declarations, stipulations, exhibits, or other written submissions to the Court in this litigation which contain, reflect, incorporate, or refer to CDCR Records shall be filed and maintained under seal following the parties compliance with Local Rules 79-5 et seq. If a document or pleading submitted to the Court, as described in this paragraph, makes only a general reference to any document or information contained therein covered by this protective order, but does not quote or describe its contents in any specific way, and does not include the protected document itself, then the filing party need not file it under seal.

6.      If any party or other person who has received documents covered by this Protective Order receives a subpoena or other request seeking the CDCR Records, he/she/it shall immediately give written notice to Plaintiffs' counsel, identifying the CDCR Records sought and the time in which production or other

disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order so as to afford Mr. Anthony and/or Mr. Cole an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of CDCR Records. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by Plaintiffs. However, in no event should production or disclosure be made without written approval by counsel for the Plaintiff whose records are sought unless required by court order arising from a motion to compel production or disclosure of the CDCR Records.

7.      This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time a question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

8.      This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or a waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence of obligation.

9.      This Protective Order, when entered into by the Court, shall be retroactive to the date of the initial disclosure of CDCR Records.

10.     This Protective Order shall survive the final resolution of this litigation

1 and shall remain in full force and effect after conclusion of all proceedings herein,
2 and the Court shall have continuing jurisdiction to enforce its terms.

3      11.    Upon termination of this case, counsel of record for the parties shall
4 recover all copies of the CDCR Records, other than papers on file with the Court,
5 and shall secure such copies in confidential case files or destroy them. A copy of
6 this stipulation and protective order shall be placed in each file containing CDCR
7 Records.

8      12.    In the event that any other parties are added to this action, their counsel
9 shall also be requested to sign a copy of this stipulation before receiving copies of
10 any confidential documents protected by the protective order.

11

12      IT IS SO ORDERED.

13

14

15 DATED: 1/24/2014

16      ANDREW J. WISTRICH
17      United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28