1  Susan E. Coleman (SBN 171832)
   E-mail: scoleman@bwslaw.com
2  Kristina Doan Gruenberg (SBN 268188)
   E-mail: kgruenberg@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA  90071-2953
   Tel: 213.236.0600      Fax: 213.236.2700
5
   Attorneys for Defendants
6  P. RAZANSKAS AND M. WINN

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  REGGIE D. COLE,                    Case No. CV-11-3241-CBM (AJWx)

12            Plaintiff,               **DEFENDANTS' NOTICE OF
                                       MOTION AND MOTION IN
13  v.                                 LIMINE #13: TO EXCLUDE
                                       EXPERT TESTIMONY OF
14  CITY OF LOS ANGELES;               LIGHTFOOT AND STREED;
    MARCELLA WINN;  PETE               MEMORANDUM OF POINTS AND
15  RAZANSKAS; and DOES 1-45,          AUTHORITIES IN SUPPORT**
    Inclusive,
16                                     *[Declaration of Susan E. Coleman and
              Defendants.              Proposed Order Concurrently Filed]*
17
                                       Date:    January 3, 2017
18                                     Time:    2:30 p.m.
                                       Ctrm.:   2
19

20        TO PLAINTIFF REGGIE COLE, AND HIS ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE THAT on January 3, 2017, at 2:30 p.m., or as soon

22  thereafter as this matter may be heard in Courtroom 2 of the above-captioned Court,

23  located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants P.

24  RAZANSKAS and M. WINN will move this Court for an Order to exclude the

25  testimony of Plaintiff's experts Michael Lightfoot and Thomas Streed on the

26  grounds that their testimony fails to satisfy the requirements established by Federal

27  Rules of Evidence 702 and 703 which govern the admissibility of expert testimony.

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4846-2337-0045 v1              1         CV-11-3241-CBM (AJWX)
                                             MIL #13: LIGHTFOOT, STREED

1  The Motion is based upon the Notice of Motion, the attached Memorandum

2  of Points and Authorities, Declaration of Susan E. Coleman, the pleadings, records

3  and files in this action, and such other matters as may properly come before the

4  Court.

5  This motion is made following an attempt to meet and confer with Plaintiff's

6  counsel pursuant to Local Rule 7-3.  (Coleman Decl.)

7

8  Dated:  December 6, 2016          BURKE, WILLIAMS & SORENSEN, LLP

9

10          By:   /s/ Susan E. Coleman
                 Susan E. Coleman
11               Kristina Doan Gruenberg

12          Attorneys for Defendants
            P. RAZANSKAS AND M. WINN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4846-2337-0045 v1                    2                    CV-11-3241-CBM (AJWX)
                                                              MIL #13: LIGHTFOOT, STREED

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On March 27, 1994, Felipe Gonzales Angeles (hereinafter "Gonzales") was murdered on the corner of 49th Street and Figueroa.  Plaintiffs Obie Anthony[1] and Reggie Cole were arrested and charged with Gonzales' murder.  Anthony and Cole were convicted of murder.  In 2000, while still in custody for Gonzalez's murder, Cole killed fellow inmate Eddie Clark at Corcoran State Prison.  Cole's criminal defense attorneys moved to strike the 1994/1995 murder conviction so that Cole could avoid the death penalty.  In 2009, Judge Donnelly reversed Cole's conviction on grounds of ineffective assistance of counsel.  Cole filed a lawsuit, and the only remaining claim against Defendants Detective Winn and Razanskas is a Section 1983 claim for alleged violation of Cole's constitutional rights.[2]

Defendants seek an order excluding Plaintiff's expert witnesses Michael Lightfoot and Thomas Streed from testifying at trial because their testimony fails to satisfy the requirements established by Federal Rules of Evidence 702 and 703 which govern the admissibility of expert testimony.  Specifically, the testimony of these experts are merely legal conclusions and invade the province of the jury.[3]

### II.    STANDARD FOR MOTIONS IN LIMINE

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1046-47 (D. Nev. 2013).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their

---

[1] Anthony's claims have been settled.
[2] The parties stipulated to dismiss Cole's Bane Act Claim. Further, Cole's *Monell* claim, which was the only remaining claim against Defendant City of Los Angeles, was dismissed via Defendants' Motion for Summary Judgment.
[3] Defendants reserve the right to update their Motion in Limine as Defendants did not receive the availability of Lightfoot and Streed for deposition until December 5, 2016, and were therefore unable to depose these experts at the time of filing this Motion in Limine.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4846-2337-0045 v1                     1                     CV-11-3241-CBM (AJWX)
                                                                MIL #13: LIGHTFOOT, STREED

authority to manage trials. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).  A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams,* 182 F.3d 562, 570 (7th Cir. 1999).

## III.   <u>LIGHTFOOT AND STREED'S TESTIMONY INVADES THE JURY'S PROVINCE</u>

To be admissible, expert testimony must, inter alia, "assist the trier of fact to understand the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702; accord *United States v. Smith*, 122 F.3d 1355, 1358 (11th Cir. 1997) ["Expert testimony that does not assist the trier of fact can be excluded . . . ."].  Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) (en banc) (citing *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985)). By contrast, expert testimony "is properly excluded when it is not needed to clarify facts and issues of common understanding which [the trier of fact is] able to comprehend." *Hibiscus Associates Ltd. v. Bd. of Trustees of Policemen and Firemen Retirement Sys. of City of Detroit*, 50 F.3d 908, 917 (11th Cir. 1995). "[E]xpert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1262-63 (citing 4 Weinstein's Federal Evidence § 702.03[2] [a]).

Further, experts cannot testify on legal issues on which the judge will instruct the jury, or on issues that will determine the outcome of the case. *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1064 n.7 (9th Cir. 2002) *citing United States v. Rahm*, 993 F.2d 1404, 1413 (9th Cir. 1993). Testimony which articulates and applies relevant law circumvents the fact-finder's decision making process by dictating how to decide the case or what result to reach. *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988), cert. denied, 488 U.S. 1008 (1989). "When an expert undertakes to tell the jury what result to reach, this does not aid

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4846-2337-0045 v1                    2                    CV-11-3241-CBM (AJWX)
MIL #13: LIGHTFOOT, STREED

the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.1994)(emphasis in original). *See also McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir.1999); *United States v. Sinclair*, 74 F.3d 753, 758 n.1 (7th Cir. 1996).

Here, the testimony of Cole's experts Lightfoot and Streed invade the province of the jury.  Their expert reports indicate that their trial testimony will be nothing more than legal and factual conclusions that usurp the decision making role of the jury.

## A.   Lightfoot's Proposed Testimony is Improper

Michael Lightfoot is a criminal defense attorney, but he was not involved in any way in defending Cole in the underlying Gonzalez murder case.  Instead, he is an expert retained to simply give improper legal conclusions regarding exculpatory evidence and *Brady* violations.

According to his expert report, Lightfoot was asked to render an expert opinion regarding the following questions:

> I. What would have been the impact on the proper legal representation of Messrs. Anthony and Cole in their criminal case if counsel for the defense had been provided with evidence of benefits given to John Jones when first becoming involving in the murder investigation, and the fact that a "deal" had been struck by Los Angeles Police Department detectives with witness John Jones in exchange for information supplied and his testimony given?

> II. What would have been the impact on the proper legal representation of Messrs. Anthony and Cole in their criminal case if counsel for the defense had been presented with the undisclosed evidence that pointed towards John Jones or one of his associates as the murderer of Felipe Gonzalez?

> III. What would have been the impact on the proper legal representation of Messrs. Anthony and Cole in their criminal case if counsel for the defense had been presented with evidence that the identifications of Messrs. Anthony and Cole by witnesses John Jones, Arthur Jones, and Victor Trejo were influenced by the suggestive conduct of the Los Angeles Police Department detectives Winn and Razanskas?

(Exh. A, Lightfoot Report at 1-2).  Based on Lightfoot's report, it is anticipated that he will try to testify at trial that the alleged concealment of evidence materially affected the defense of the Cole's criminal case. Specifically, Lightfoot states alleged suppression about information regarding John Jones was critical since it prevented the defense from developing a third party shooter theory of liability, and from developing bias and impeachment of John Jones at the outset of the investigation.  (*See generally,* Exh. A, Lightfoot report).

Lightfoot's testimony is improper because it forms conclusions about the ultimate questions that the jury should decide to resolve the liability of Defendants. To prevail on a Brady claim, Cole must prove that "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Banks v. Dretke*, 540 U.S. 668, 691, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004) (internal quotation marks omitted). Prejudice occurs if the evidence is "material." *Silva v. Brown*, 416 F.3d 980, 985 (9th Cir. 2005).  Such evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different although a showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal. *Youngblood v. West Virginia*, 547 U.S. 867, 870 (2006).

Therefore, it should be up to the jury to decide first whether evidence was suppressed, and whether it materially affected the case after hearing testimony from percipient witnesses who may include the District Attorney George Castellanos, Cole's criminal defense attorney at the time- Dick Tom, plaintiff, and Defendants.

Expert testimony is unnecessary and excludable "if all the primary facts can be accurately and intelligently described to the [trier of fact] and if [the trier of fact…is] as capable of drawing the correct conclusion as" is the expert.  *Salem v.*

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4846-2337-0045 v1                                    4                            CV-11-3241-CBM (AJWX)
                                                                                    MIL #13: LIGHTFOOT, STREED

*U.S. Lines Company*, 370 U.S. 31, 35 (1962).  Here, there is no reason why a trier of fact could not understand the primary facts or come to the correct conclusions from them in this particular case.  Lightfoot's testimony is therefore unnecessary and improper because it dictates how to decide the case and what result the jury should reach.

### B.   Streed's Proposed Testimony is Improper

Similar to Lightfoot, Thomas Streed's proffered testimony is nothing more than a string of conclusions that should instead be made by a jury.  Further, several of his opinions apply the incorrect legal standard, are no longer relevant, and are not supported by evidence.

#### 1.   Streed's Testimony Invades the Province of the Jury

Streed's expert report contains several legal conclusions that simply usurp the role of the jury deciding liability.  For example, Streed's expert report indicates that he will testify as to the following opinions:

> Opinion #2: Los Angeles Police Homicide Detective-Trainee Marcella Winn, pursuant to training and supervision provided by her training officer, Los Angeles Police Detective Peter Razanskas, recklessly engaged in at least three (3) violations of the California Penal Code, involving [1] conspiracy, [2] subornation of perjury, and [3] falsification of police reports, as well as *Brady* violations, when she agreed with John Henry Jones, to falsely identify him out as an eyewitness to the murder of Felipe Gonzalez and the attempted murders of Luis Jiminez and Victor Trejo, in order to keep his two daughters Angela, age 7 and TJ, age 9, from becoming involved in the case.

(Exh. B, Streed Report at 11-12.)  Here, Streed's use of the term "reckless" and statement that defendants committed *Brady* violations are legal conclusions.

A legal conclusion "that merely tells the jury what results to reach is not sufficiently helpful to the trier of fact to be admissible."  *Kostelecky v. N.L. Acme Tool/N.L. Industries, Inc*., 837 F.2d 828, 830 (8th Cir. 1988) – "An expert witness cannot give an opinion as to her legal conclusion (i.e., an opinion of an ultimate issue of law."; *Nationwide Transportation FIN v. Cass Infosystems*, 523 F.3d 1051,

1059-1060 (9th Cir. 2008) – excluding expert opinion that parties' conduct was "wrongful." Consequently, a purported expert's opinion in a 42 U.S.C. § 1983 case the police officer's "conduct was not justified under the circumstances," not "warranted under the circumstances" and "totally improper" is absolutely inadmissible. *Hygh v. Jacobs*, 961 F.2d 359, 365 (2d Cir. 1992).

Streed's testimony is therefore improper and should be excluded because he is simply attempting to testify as to the ultimate issues which should be decided by the jury.

### 2.    Streed Applies the Incorrect Legal Standard

Streed's testimony applies the incorrect legal standard with respect to establishing a claim under *Brady*. Streed's expert report states:

> Opinion #7: Los Angeles Homicide Detective Detective-Trainee Marcella Winn, pursuant to the training provided by her training officer, Los Angeles Police Detective Peter Razanskas, failed to conduct a reasonable, appropriate, and through follow-up investigation into the murder [of] Felipe Gonzales, and the non-fatal shootings of Victor Trejo and Luis Jimenez.

However, the standard for Cole's claim in this case is whether there was deliberate indifference to or reckless disregard for the truth, and whether there was the deliberate manufacturing of evidence against Cole. *Tennison v. City of San Francisco*, 548 F.3d 1293 (9th Cir. 2009); *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001).

Here, Streed is attempting to apply a negligence standard, which is inapplicable. A negligent investigation does not rise to a level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1981) ("The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property."). Further, the courts have held that there is no right to a perfect police investigation. *Mincey v. Davis*, 2015 U.S. Dist. LEXIS 78042 (C.D.Cal. 2015); *Morris v. California*, 2013 U.S. Dist. LEXIS 98616 (E.D.Cal. 2013). Absent evidence that a police investigation has

1   infringed upon another constitutionally-protected right, a Section 1983 claim

2   premised on an inadequate police investigation will not lie.  *Roe v. City of Spokane*,

3   2008 U.S. Dist. LEXIS 52212 (E.D.Wash. 2008).

4        Because Streed is applying the wrong legal standard, his testimony is not

5   only irrelevant, but there is a high likelihood that it will confuse and mislead the

6   jury.  Therefore, he should not be permitted to render an opinion as to whether the

7   investigation was reasonable.

8               3.      **Streed's Opinions Regarding the City and Its Training are**

9                       **No Longer Applicable**

10       Streed's eighth opinion regarding the Los Angeles Police Department's

11  failure to properly train and supervise Winn and Razanskas (Exh. B, Streed Report

12  53-54) is no longer relevant as the *Monell* claim against the City has been

13  dismissed.  To assist the trier of fact, expert testimony must be "relevant to the task

14  at hand," such that it "logically advances a material aspect" of the case.  *McDowell*

15  *v. Brown*, 392 F.3d 1283, 1298-99 (11th Cir. 2004).  Streed's eighth opinion is not

16  relevant to the task at hand.

17              4.      **Streed Forms Opinions Without Sufficient Basis**

18       Streed's final opinion is unsupported by any analysis.  Streed states:

19              Opinion #10: Los Angeles Police Homicide Detective-
                Trainee Marcella Winn, as well as her training officer,
20              Los Angeles Police Detective Peter Razanskas, fell prey
                to "confirmatory bias" (*Tunnel vision*), as evidenced by
21              their biased investigation.

22  (Exh. B, Streed Report at 56-57.)  In support of his opinion, Streed merely cites a

23  Wisconsin Law Review article and a report done by a commission in Illinois.

24  There are no specific examples that Streed cites of Defendants' behavior in support

25  of his conclusion.

26       An expert's testimony is admissible only if the process or technique used in

27  formulating the opinion is scientifically reliable.  *Daubert v. Merrell Dow*

28  *Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993).  The party offering the testimony

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4846-2337-0045 v1                    7                    CV-11-3241-CBM (AJWX)
                                                              MIL #13: LIGHTFOOT, STREED

1 | bears the burden of establishing by a preponderance of the evidence that the

2 | expert's opinions are reliable. See *id*. at 592.  Here, Cole has failed to meet the

3 | burden of showing that Streed's opinions are reliable and supported by evidence.

### IV. CONCLUSION

Based on the foregoing, Defendants respectfully request an Order precluding or limiting the testimony of Lightfoot and Street on the grounds that their proffered expert testimony is improper in scope.

Dated:  December 6, 2016                BURKE, WILLIAMS & SORENSEN, LLP


By:  /s/ Susan E. Coleman
          Susan E. Coleman
          Kristina Doan Gruenberg

Attorneys for Defendants
P. RAZANSKAS AND M. WINN