| | |
|---|---|
| 1 | Susan E. Coleman (SBN 171832) |
| 2 | E-mail: scoleman@bwslaw.com |
|   | Kristina Doan Gruenberg (SBN 268188) |
| 3 | E-mail: kgruenberg@bwslaw.com |
|   | BURKE, WILLIAMS & SORENSEN, LLP |
| 4 | 444 South Flower Street, Suite 2400 |
|   | Los Angeles, CA 90071-2953 |
| 5 | Tel: 213.236.0600   Fax: 213.236.2700 |
| 6 | Attorneys for Defendants |
|   | P. RAZANSKAS AND M. WINN |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE D. COLE, | Case No. CV-11-3241-CBM (AJWx) |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #15: TO EXCLUDE EXPERT TESTIMONY OF DYSART AND MILLER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| CITY OF LOS ANGELES; MARCELLA WINN; PETE RAZANSKAS; and DOES 1-45, Inclusive, | |
| Defendants. | *[Declaration of Susan E. Coleman and Proposed Order Concurrently Filed]* |
| | Date: January 3, 2017 |
| | Time: 2:30 p.m. |
| | Ctrm.: 2 |

TO PLAINTIFF REGGIE COLE, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 3, 2017, at 2:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 2 of the above-captioned Court, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants P. RAZANSKAS and M. WINN will move this Court for an Order to exclude the testimony of Plaintiff's experts Jennifer Dysart and Keith Miller on the grounds that their testimony is irrelevant to establishing a constitutional violation, confusing, and unduly prejudicial.

The Motion is based upon the Notice of Motion, the attached Memorandum of Points and Authorities, Declaration of Susan E. Coleman, the pleadings, records and files in this action, and such other matters as may properly come before the Court.

This motion is made following an attempt to meet and confer with Plaintiff's counsel pursuant to Local Rule 7-3. (Coleman Decl.)

Dated: December 6, 2016      BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Susan E. Coleman
    Susan E. Coleman
    Kristina Doan Gruenberg

Attorneys for Defendants
P. RAZANSKAS AND M. WINN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On March 27, 1994, Felipe Gonzales Angeles (hereinafter "Gonzales") was murdered on the corner of 49th Street and Figueroa. Plaintiffs Obie Anthony[1] and Reggie Cole were arrested and charged with Gonzales' murder. Anthony and Cole were convicted of murder. In 2000, while still in custody for Gonzalez's murder, Cole killed fellow inmate Eddie Clark at Corcoran State Prison. Cole's criminal defense attorneys moved to strike the 1994/1995 murder conviction so that Cole could avoid the death penalty. In 2009, Judge Donnelly reversed Cole's conviction on grounds of ineffective assistance of counsel. Cole filed a lawsuit, and the only remaining claim against Defendants Detective Winn and Razanskas is a Section 1983 claim for alleged violation of Cole's constitutional rights.[2]

Defendants seek an order excluding Plaintiff's expert witnesses Jennifer Dysart and Keith Miller on the grounds that these witnesses are simply being called to create a trial within a trial regarding Cole's actual innocence. However, this type of testimony is irrelevant to establishing a constitutional violation, confusing to the jury, and unduly prejudicial, and should therefore be excluded.[3] FRE 402, 403.

## II.  STANDARD FOR MOTIONS IN LIMINE

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1046-47 (D. Nev. 2013). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their

---

[1] Anthony's claims have been settled.

[2] The parties stipulated to dismiss Cole's Bane Act Claim. Further, Cole's *Monell* claim, which was the only remaining claim against Defendant City of Los Angeles, was dismissed via Defendants' Motion for Summary Judgment.

[3] Defendants reserve the right to update their Motion in Limine as Defendants did not receive the availability of Dysart until December 5, 2016 and were therefore unable to depose Mattern at the time of filing this Motion in Limine

authority to manage trials. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams,* 182 F.3d 562, 570 (7th Cir. 1999).

### III. DYSART AND MILLER'S TESTIMONY ARE IMPROPER TO ESTABLISHING A CONSITITIONAL VIOLATION

Jennifer Dysart's expert report indicates that she was retained to evaluate the reliability of various identifications of Anthony and Cole made by John Jones, Arthur Jones, and Victor Trejo. (Exh. A, Dysart Report at 1.) Similarly, Keith Miller's expert report indicates that he was retained to determine the position and location of the shooter that fired the fatal bullet that killed Gonzales. (Exh. A, Miller Report at 1.) However, Dysart and Miller's expert reports are wholly irrelevant to Cole's *Brady* and false evidence claims, and needlessly create a trial within a trial.

To the extent that Cole is offering Dysart's testimony to establish that Defendants committed wrongdoing, such testimony should be excluded. The question of liability in this case comes down to whether Defendants coerced the witnesses into making identifications when showing them the six-packs or when the witnesses made identifications at the live line-up, preliminary hearing, and trial; not whether eyewitness identifications are generally reliable. *See Banks v. Dretke*, 540 U.S. 668, 691, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004) (internal quotation marks omitted) (establishing standard for *Brady* claim); *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (establishing standard for false evidence claim). Moreover, whether eyewitness identifications are reliable was already litigated in the underlying criminal case through the expert testimony of Anthony/Cole's own expert Kathy Pezdek, and Cole was nonetheless convicted.

Similarly, Miller's testimony should be excluded because the question of liability here is whether Defendants failed to turn over exculpatory evidence

regarding the bullet trajectory, not whether the bullet that killed Gonzales actually came from a rooftop shooter.  Here, it is undisputed that both Anthony and Cole's attorneys had the coroner's report which contained information about the forty degree bullet trajectory.  In turn, Anthony and Cole's attorneys had information to develop a theory about a third shooter from the rooftop.  Indeed, Cole's attorney, Dick Tom, made the argument in his closing at the 1995 criminal trial that the forty degree angle suggests that John Jones, and not Anthony or Cole, was the shooter. (Exhibit C, Trial Transcript.)   This demonstrates that Cole had the information he now seeks to introduce through his expert Miller.

Although neither Anthony and Cole had an expert reconstruction specialist such as Miller to testify at the 1995 trial, Anthony indicated in his habeas petition that it was because his attorney was concerned that focusing on the forty-degree angle of the bullet would allow the prosecution to respond that Anthony and Cole killed Gonzales execution-style. (*See* Exhibit D, Anthony Decl. Habeas Petition ¶ 11.)  If anything, this would go towards showing that Anthony and Cole were found guilty due to ineffective assistance of trial; not because Defendants violated their constitutional rights.

Miller's testimony regarding a 40 degree bullet trajectory and theory about a third shooter from the rooftop is therefore irrelevant to establishing a *Brady* violation because information about the bullet trajectory was known to Cole's attorneys.

In sum, Dysart and Miller's testimony would therefore be an undue consumption of time, confuse the jury, and be unduly prejudicial because it is detracting from what the issues for liability are.  FRE 403; *U.S. v. Young*, 754 F.Supp. 739, 742 (D.S.D. 1990).

## IV. TESTIMONY TO SHOW ACTUAL INNOCENCE SHOULD BE BIFURCATED

To the extent that Cole is offering Dysart and Miller's testimony to show that

he is actually innocent, this is further grounds to bifurcate the case and such testimony should only be permitted in the damages phase of trial, if at all. (*See also* Motion in Limine #2: Bifurcation).

Defendants acknowledge that the concept of innocence may be relevant if Defendants present an affirmative defense that Cole was actually guilty of the Gonzales murder and therefore is not entitled to relief. *See Carey v. Piphus*, 435 U.S. 247, 260, 98 S.Ct. 1042, 1050 (1978) (Supreme Court observed that an award of damages for injuries caused by a constitutional violation would be a windfall if the injuries would have occurred absent the violation).

However, evidence of actual innocence should be presented separately as it would confuse the issues regarding establishing a constitutional wrongdoing.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request an Order precluding or limiting the testimony of Cole's experts Jennifer Dysart and Keith Miller on the grounds that their proffered expert testimony is irrelevant to establishing a constitutional violation, confusing, and unduly prejudicial.

Dated: December 6, 2016        BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Susan E. Coleman
   Susan E. Coleman
   Kristina Doan Gruenberg

Attorneys for Defendants
P. RAZANSKAS AND M. WINN